UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| GREGORY CAMERON ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-01053 |
| ) | |
| v. ) | |
| ) | |
| HEARTHSIDE FOOD SOLUTIONS, LLC, ) | |
| ) | |
| Defendant. ) | Jury Trial Demanded |
| ) | |

## COMPLAINT

Plaintiff, Gregory Cameron ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Hearthside Food Solutions, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") and Illinois Human Rights Act (775 ILCS 5/) ("IHRA"), seeking redress for Defendant's disability-based harassment, Defendant's failure to accommodate, and Defendant's disability-based discrimination.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Peoria Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. This Court has pendent jurisdiction and supplementary jurisdiction of Count IV, V, and VI.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* and Illinois Human Rights Act (775 ILCS 5/) have occurred or been complied with.

6. A charge of employment discrimination on the basis of disability-based harassment, Defendant's failure to accommodate, and Defendant's disability-based discrimination was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the EEOC's Notice of Right to Sue.

8. Plaintiff received a Notice of Right to Sue from the Illinois Department of Human Rights (attached hereto as Exhibit "C"), and Plaintiff filed this lawsuit within ninety (90) days of his receipt of the IDHR's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff resides in La Salle County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant is an Illinois Limited Liability Company doing business in and for Marshall County whose address is 775 Illinois Route 251, Wenona Illinois 61377.

**BACKGROUND FACTS**

11. Plaintiff was hired by Defendant in or around December 2020.

12. Plaintiff was promoted to first-shift oven operator in or around March 2022.

13. Plaintiff is a diabetic and due to his condition, Plaintiff may have to use the restroom from twice a day to up to once every hour, depending on Plaintiff's glucose levels.

14. Plaintiff informed the company of his disability and his need for reasonable accommodations upon being hired in 2020.

15. Throughout Plaintiff's employment, Plaintiff was in frequent communication with Human Resources Manager, Kathy Miller regarding his disability and the need for his supervisors and certain co-workers to be aware that Plaintiff might need to go to the bathroom throughout the work day.

16. Plaintiff's direct supervisor and co-workers (mixers) were informed of Plaintiff's accommodation of being able to go to the bathroom when needed throughout the workday.

17. Even with this reasonable accommodation, Plaintiff was able to perform the essential functions of his job duties for the duration of his employment.

18. At no point has Plaintiff not been declared an exemplary employee.

19. On or around April 2022, Plaintiff began working on the second shift (afternoon).

20. Upon starting the second shift, Plaintiff began working for a new supervisor, Mr. Chris Dockery (non-disabled) and with different co-workers (mixers).

21. Also, upon starting on second shift, Plaintiff informed Mr. Dockery and the mixers of his approved reasonable accommodation of being able to go to the bathroom when needed throughout the workday.

22. Mr. Dockery acknowledged Plaintiff's reasonable accommodation.

23. Defendant informed Mr. Dockery of Plaintiff's history of approved reasonable accommodation.

24. Within a short amount of time of working with Mr. Dockery, Plaintiff observed Mr. Dockery's negative reactions when Plaintiff would need to go to the bathroom.

25. On or around April 20, 2022, Plaintiff inquired to Mr. Dockery the need for a quick replacement of his position to use the restroom for his disability.

26. Mr. Dockery refused to provide Plaintiff the reasonable accommodation and raised his voice in his response and stated "they've got work to do!" (referring to other nondisabled employees).

27. As a result of Mr. Dockery refusing to provide Plaintiff a reasonable accommodation of using the restroom when needed, Plaintiff's urinary incontinence occurred and Plaintiff urinated on himself.

28. To make matters worse, Plaintiff's blood pressure became so elevated due to the severe humiliation of what had just happened due to Mr. Dockery's failure to accommodate that Plaintiff's nose started to bleed.

29. After standing for some time with soiled clothing and treating his nose bleed, Plaintiff was escorted to a back-office area and told to sit there.

30. Plaintiff remained in soiled clothing for approximately four and a half (4.5) hours.

31. Plaintiff went home and suffered from severe emotional distress due to the incident.

32. On April 21, 2022, the following day, Plaintiff's coworkers began harassing

Plaintiff about his disability condition (urinary incontinence) and the incident that stemmed from Mr. Dockery's failure to accommodate.

33. Plaintiff's coworkers began making derogatory comments and mocking Plaintiff, by calling him Depends (referring to Plaintiff's disability and having to wear adult undergarments) and other comments about the incident.

34. Emotionally distraught, Plaintiff immediately reported the inappropriate and discriminatory conduct that was based on his disability to the Human Resources manager, Ms. Kathy Miller (non-disabled).

35. Plaintiff notified Defendant that he would need to take off on April 22, 2022.

36. Plaintiff needed to take off on April 22, 2022 for his mental health due to the disability-based harassment.

37. Plaintiff attempted to return to work but his coworkers continued the comments about the incident and his disability.

38. In a desperate attempt to escape from the hostile work environment that was caused by Mr. Dockery's failure to accommodate, Plaintiff requested a transfer back to Plaintiff's original shift (first shift, morning).

39. This request seemed reasonable since first shift positions were available and needed.

40. Despite multiple requests, Plaintiff's transfer request was rejected and the disability-based harassment continued.

41. Plaintiff was subjected to intolerable conditions that no reasonable person could bear.

5

42. As a result, on May 5, 2022 Plaintiff was left with no other choice but to be constructively discharged from his employment.

43. Therefore, Plaintiff was subjected to an adverse employment when he was constructively discharged.

44. Since May 5, 2022, Plaintiff has been suffering from significant emotional damages and financial loss.

45. Plaintiff even attempted to file for unemployment benefits but was faced with opposition from Defendant.

46. However, after an investigation to determine Plaintiff's eligibility for unemployment insurance benefits, the Illinois Department of Employment Security stated:

> "The following determination has been made in connection with the claim for unemployment insurance benefits.
> Based on all the determinations regarding your claim, you are eligible for benefits as long as you meet the eligibility requirements.
> …
> Did the claimant voluntarily leave employment? The evidence shows the claimant left work at HEARTHSIDE FOOD SOLUTIONS LLC due to humiliation by other employees for medical condition. Since the employer was aware of these conditions and had the ability to control such conditions or acts, the claimant's reason for leaving is attributable to the employer. These conditions or acts rendered the work unsuitable for the claimant, and the voluntary leaving was with good cause. Therefore, this Determination finds the claimant eligible for benefits, with respect to this issue only, for each week during the period from 05/08/2022 through 05/21/2022 and he will be determined eligible for each week thereafter as long as he meets the eligibility requirements of the Illinois Unemployment Insurance Act."

47. Plaintiff's mental anguish continues to this day due Defendant's failure to accommodate, disability-based harassment, and disability-based discrimination.

48. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) from December 2020 until May 5, 2022 when Plaintiff was constructively discharged based on his disability.

49. During the applicable limitations period, Defendant has had at least fifteen

employees, has been an "employer" as defined by the ADA, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

50. Plaintiff was a "qualified individual" as defined under the ADA because even though he had a physical impairment that substantially limited major life activities, Plaintiff was able to perform the essential functions of his job with accommodations.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Disability-Based Harassment)

51. Plaintiff repeats and re-alleges paragraphs 1- 50 as if fully stated herein.

52. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

53. Defendant knew or should have known of the disability-based harassment.

54. The disability-based harassment was severe or pervasive.

55. The disability-based harassment was offensive subjectively and objectively.

56. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to his disability.

57. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

58. As a direct and proximate result of the disability-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Americans with Disabilities Act
### (Failure to Accommodate)

59. Plaintiff repeats and re-alleges paragraphs 1- 50 as if fully stated herein.

60. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

61. Plaintiff is a qualified individual with a disability.

62. Defendant was aware of the disability and the need for accommodations.

63. Plaintiff's reasonable accommodations that were requested were not an undue burden on the Defendant.

64. Despite Defendant's supervisor knowing Plaintiff's need for reasonable accommodations, Defendant's supervisor intentionally denied Plaintiff's April 20, 2022 request for his reasonable accommodation, which adversely effected Plaintiff.

65. Plaintiff is a member of a protected class under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*., due to his disability.

66. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violations of the Americans with Disabilities Act
### (Disability Discrimination – Constructive Discharge)

68. Plaintiff repeats and re-alleges paragraphs 1- 50 as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

70. Defendant constructively discharged Plaintiff's employment on the basis of his disability because Defendant failed to take the appropriate remedial measures, which created intolerable conditions of employment that no reasonable person would bear.

71. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

72. Plaintiff is a member of a protected class under the ADA, due to his disability.

73. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

74. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

75. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violation of the Illinois Human Rights Act**
**(Disability-Based Harassment)**

76. Plaintiff repeats and re-alleges paragraphs 1- 50 as if fully stated herein.

77. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of his disability, in violation of the Illinois Human Rights Act (775 ILCS 5/).

78. Defendant knew or should have known of the disability-based harassment.

79. The disability-based harassment was severe or pervasive.

80. The disability-based harassment was offensive subjectively and objectively.

81. Plaintiff is a member of a protected class under the Illinois Human Rights Act (775 ILCS 5/), due to his disability.

82. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the disability-based harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
## Violation of the Illinois Human Rights Act
### (Failure to Accommodate)

84. Plaintiff repeats and re-alleges paragraphs 1- 50 as if fully stated herein.

85. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of the Illinois Human Rights Act (775 ILCS 5/).

86. Plaintiff is a qualified individual with a disability.

87. Defendant was aware of the disability and the need for accommodations.

88. Plaintiff's reasonable accommodations that were requested were not an undue burden on the Defendant.

89. Despite Defendant's supervisor knowing Plaintiff's need for reasonable accommodations, Defendant's supervisor intentionally denied Plaintiff's April 20, 2022 request for his reasonable accommodation, which adversely effected Plaintiff.

90. Plaintiff is a member of a protected class under the Illinois Human Rights Act (775 ILCS 5/), due to his disability.

91. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

92. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violations of the Illinois Human Rights Act
### (Disability Discrimination – Constructive Discharge)

93. Plaintiff repeats and re-alleges paragraphs 1- 50 as if fully stated herein.

94. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on his disability, in violation of the Illinois Human Rights Act (775 ILCS 5/).

95. Defendant constructively discharged Plaintiff's employment on the basis of his disability because Defendant failed to take the appropriate remedial measures, which created intolerable conditions of employment that no reasonable person would bear.

96. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the IHRA.

97. Plaintiff is a member of a protected class under the IHRA, due to his disability.

98. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

99. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

100. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of his employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Loss of benefits;

    e. Compensatory and punitive damages;

    f. Reasonable attorneys' fees and costs;

    g. Award pre-judgment interest if applicable; and

    h. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 13th day of February, 2023.

    */s/ Nathan C. Volheim*
    **NATHAN C. VOLHEIM, ESQ.**
    IL Bar No.: 6302103
    **SULAIMAN LAW GROUP LTD.**
    2500 S. Highland Avenue, Suite 200
    Lombard, Illinois 60148
    Phone (630) 568-3056
    Fax (630) 575 - 8188

nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/** ***Chad W. Eisenback***
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

13